# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON WELLS, Personal Representative of the Estate of Eric Robert Wells, ) ) ) | |
| Plaintiff, ) ) | Cause No. 1:11-cv-1049-WTL-DML |
| vs. ) ) | |
| DAVID M. BISARD, et al., ) ) | |
| Defendants. ) | |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on the Defendants' motion to dismiss Plaintiff Aaron Wells' federal claims (dkt. no. 19). The motion is fully briefed, and the Court, being duly advised, **DENIES** the Defendants' motion to dismiss.

## I. STANDARD

In reviewing a motion to dismiss, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

## II. BACKGROUND

Friday, August 6, 2010, was a clear day with good visibility. At approximately 11:20 a.m., Plaintiff's decedent, Eric Wells, went on his lunch break from work at the Department of Defense in Lawrence, Indiana. Wells and three co-workers were driving motorcycles: Wells was on one motorcycle, George Burt was on a second, and Kurt Weekly and Mary Mills rode together on a third motorcycle. All three motorcycles came to a stop at a red light at the intersection of East 56th Street and Brendon Way S. Drive in Marion County, Indiana.

At approximately the same time, Indianapolis Metropolitan Police Department (IMPD) Officer David Bisard, who had been drinking alcohol before reporting to his shift and/or drank while on duty, heard on his police radio that a fellow officer was looking for a suspect on a bicycle near 42nd and Priscilla Avenues. The suspect was wanted on a probation warrant. The radioing officer did not request back-up, and Bisard was not discharged to assist the two police officers and three probation officers who were already in the area. Nevertheless, Bisard activated his vehicle's emergency equipment, departed from his location near 71st and Shadeland Avenues, and began to drive to the scene. In doing so, Bisard wove in and out of traffic and drove his cruiser at speeds in excess of 70 miles per hour in a 40-mile-per-hour residential zone. While traveling to the scene, Bisard used his in-car laptop computer to instant message another officer about non-police matters, in contravention of IMPD General Orders.

As Bisard approach the intersection at which Wells and his co-workers were stopped, Bisard attempted to stop and applied his brakes approximately 61 feet from Wells' motorcycle. Bisard's vehicle crashed into Wells' motorcycle, killing Wells. Bisard also struck and seriously injured Weekly and Mills.

Two hours after the accident, Bisard's blood alcohol level registered at .19.

Aaron Wells now brings this action as personal representative of the estate of Eric Wells and pursuant to § 1983 against Bisard, the City of Indianapolis, and the IMPD, alleging that Bisard's actions deprived Eric Wells of life without due process of law in violation of the Fourteenth Amendment.

### III. DISCUSSION

#### A. Substantive Due Process Claim

The Fourteenth Amendment is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States." *Paul v. Davis*, 424 U.S. 693, 701 (1976). Accordingly, "the substantive component of the Due Process Clause is violated by executive action only when it 'can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (*citing Collins v. Harker Heights*, 503 U.S. 115, 128 (1992)). "Conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Lewis*, 523 U.S. at 848.

The Defendants argue that Wells fails to allege a Fourteenth Amendment violation cognizable under § 1983 because there is no allegation that Bisard intended to harm anyone. Indeed "high speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983." *Id.* at 854. In so holding, the Supreme Court recognized that "when unforeseen circumstances demand an officer's instant judgment [as in the context of a high speed police chase], even precipitate recklessness fails to inch close enough to harmful purpose" to shock the conscience. *Id.* at 853. *Lewis* is inapplicable here. Bisard was not suddenly engaged in a high

speed chase requiring split-second decisionmaking; rather, he "self-dispatched" himself to a scene nearly 30 city blocks away when the officer on the radio had not requested back-up.

Yet *Lewis* contemplated that situations in which officials had the "luxury" of time to make unhurried judgments and the "chance for repeated reflection, largely uncomplicated by the pulls of competing obligations," such as in the case of prison custody, a lesser standard would apply. *Id.* at 851. Where, as here, a police motor vehicle accident occurs in a non-emergency setting, such an accident offends the Constitution if the defendant was criminally reckless. *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996). "Criminal recklessness-which is the same as deliberate indifference-is a proxy for intent" and the test for criminal recklessness is a subjective standard. *Id.* Under the subjective standard, the plaintiff is required to "demonstrate that [the defendant] was willing to let a fatal collision occur." *Id.* Thus, in order to withstand a motion to dismiss, the plaintiff "must demonstrate that the defendant had actual knowledge of impending harm which he consciously refused to prevent. In other words, the state actor must have sufficient knowledge of the danger that one can infer he intended to inflict the resultant injury." *Id.*

However, "[i]t is insufficient to show that a public official acted in the face of a recognizable but generic risk to the public at large." *Id.* Rather, the reckless conduct must be directed toward the plaintiff. *Medina v. City & County of Denver*, 960 F.2d 1493, 1496 (10th Cir. 1992), *cited with approval in Hill*, 93 F.3d at 421. Reckless conduct is directed toward the plaintiff when "(1) the plaintiff is a member of a limited and specifically definable group, (2) the defendant's conduct specifically put the members of that group at substantial risk of serious, immediate, and proximate harm, (3) the risk was obvious or known, and (4) the defendant acted recklessly in conscious disregard of that risk." *Medina*, 960 F.2d at 1496. Conduct can be

directed toward the plaintiff even if the defendant does not know the specific identity of each person within the group. *Id.* For example, in *Medina,* the Eighth Circuit held that the district court erred when it concluded that an allegation that police officers drove recklessly in pursuit of a suspect was inadequate to show conduct directed toward the plaintiff, who was bicycling on a busy residential street when he was hit by the suspect. *Id.* at 1496-97.

Wells has pled sufficient facts that, if proved, would support a finding that Bisard had sufficient knowledge of danger to a specific group of persons caused by his actions. From this, a jury could reasonably find that Bisard acted recklessly in conscious disregard of that risk. Specifically, Wells has alleged that Bisard put pedestrians and motorists in his path in danger when he reported to work intoxicated and/or drank while on duty such that he drove under the influence of alcohol and had a blood alcohol level of .19 two hours after the collision, drove 73 miles per hour in a 40 mile-per-hour zone during lunch time on a work day where there was significant traffic on the roadway, and used the police car's laptop computer to instant message another officer about non-police matters while driving, in violation of IMPD General Orders. For this reason, the Defendant's motion to dismiss Wells' claim for failure to state a constitutional violation under § 1983 is **DENIED**.

## B. Qualified Immunity

The Defendants argue in the alternative that, even if Wells states a claim under the Fourteenth Amendment, the Defendants are shielded from liability because Bisard enjoys qualified immunity.

Government officials are protected from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Determining whether a government official is entitled to qualified immunity requires a two-part analysis: the court must decide (1) whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct. *E.g.*, *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

By virtue of the analysis above, the Court finds that Wells has sufficiently alleged a constitutional violation of Eric Wells' right to substantive due process. What remains, then, is to decide whether that right was clearly established. A right is clearly established when

> [t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (citation omitted).

The right at issue in this case is clearly established. *Hill* established that, in the context of non-emergency police motor vehicle accidents, a criminal recklessness-deliberate indifference standard would apply. While articulating a higher standard for police motor vehicle accidents in which a police officer must make the split-second decision whether to give chase, *Lewis* bolstered the holding in *Hill* by specifically contemplating that situations not marked by such urgency be measured by the lesser,

6

deliberate indifference standard. Based on *Hill* and bolstered by *Lewis*, the Court finds that a reasonable official, acting as Bisard is alleged to have acted, would have understood that what he was doing violated Wells' substantive due process rights. The Defendants' motion to dismiss based on qualified immunity is therefore **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is **DENIED** in its entirety.

SO ORDERED: 11/18/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication